UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                            Criminal Case No. 16-20601
                                                              Honorable Linda V. Parker

DAVID LERON PEARSON, JR.,

       Defendant.

_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND DENYING DEFENDANT'S MOTION FOR TRANSCRIPTS

On October 19, 2016, Defendant David Leron Pearson Jr. pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a).  This Court sentenced Defendant to a term of imprisonment of 108 months on March 29, 2017.  The matter is presently before the Court on Defendant's motion for transcripts (ECF No. 32) and request for compassionate release pursuant to 18 U.S.C. § 3582(c) (ECF Nos. 38, 51).

### Defendant's Request for Transcripts

In a *pro se* motion filed April 2, 2020, Defendant requests "trial, sentencing and pre-trial transcripts" related to his case.  (ECF No. 32 at Pg ID 114.) Defendant asserts that he needs the transcripts to develop his "factual innocence"

claim in a not-yet filed habeas petition.  Putting aside the fact that Defendant

pleaded guilty in this case and that the record reflects that this plea was entered

knowingly and voluntarily, he is not entitled to the requested transcripts at

government expense.

An indigent defendant has a statutory right to free court documents,

including transcripts, in particular circumstances.  *See* 28 U.S.C. § 753(f); *see also*

28 U.S.C. § 2250.  Pursuant to 28 U.S.C. § 753(f),

> Fees for transcripts furnished in criminal proceedings to
> persons proceeding under the Criminal Justice Act (18 U.S.C.
> § 3006A), or in habeas corpus proceedings to persons allowed
> to sue, defend, or appeal in forma pauperis, shall be paid by the
> United States out of moneys appropriated for those purposes.
> Fees for transcripts furnished in proceedings brought under
> section 2255 of this title to persons permitted to sue or appeal in
> forma pauperis shall be paid by the United States out of money
> appropriated for that purpose if the trial judge or a circuit judge
> certifies that the suit or appeal is not frivolous and that the
> transcript is needed to decide the issue presented by the suit or
> appeal.

Similarly, 28 U.S.C. § 2250 provides as follows:

> If on any application for a writ of habeas corpus an order has
> been made permitting the petitioner to prosecute the application
> in forma pauperis, the clerk of any court of the United States
> shall furnish to the petitioner without cost certified copies of
> such documents or parts of the record on file in his office as
> may be required by order of the judge before whom the
> application is pending.

Here, Defendant has not shown that he satisfies the requirements set out in

§§ 753(f) and 2250.  As an initial matter, Defendant is not entitled to the relief

requested because there is no petition pending before this Court and the Court is not required to provide Defendant with transcripts so that he might search for new post-conviction claims. *See United States v. Wilson*, 49 F. App'x 612, 613 (6th Cir. 2002); *Corrigan v. Thoms*, 55 F. App'x 754, 756 (6th Cir. 2003) (citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963) (per curiam)) ("[F]ederal prisoners are not entitled to obtain a transcript of testimony . . . at government expense under 28 U.S.C. § 753(f) for the purpose of preparing a motion to vacate where there [is] no motion to vacate sentence pending."); *United States v. Alcorn*, 10 Fed. Appx. 248, 248-49 (6th Cir. 2001) (affirming denial of petitioner's motion for transcripts because a petitioner "simply does not have a right to a transcript at government expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a [§ 2255] motion to vacate").

Moreover, Defendant has failed to demonstrate that the claims in any such petition would not be frivolous and that the transcripts would be needed to decide the issues presented in the petition. *See* A*madasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) ("Conclusory allegations in support of a request for free transcripts [under § 753] do not satisfy these requirements [—i.e., 'non-frivolous' and 'necessary'].").

For these reasons, the Court is denying Defendant's motion for transcripts. (ECF No. 32)

3

## Request for Compassionate Release

On October 12, 2020, Defendant, through counsel, filed an Emergency Motion to Reduce Sentence Under 18 U.S.C. § 3582.  (ECF No. 38.)  The motion has been fully briefed, including supplemental briefs submitted by each party. (ECF Nos. 43, 46, 49, 51.)  The Court conducted hearings with respect to the motion on November 16 and 30, 2020.[1]

## Applicable Law

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18

---

[1] The Court wishes to thank counsel for Defendant and the Government for their well-drafted submissions and the time expended on this matter.  The Court also wishes to express its gratitude to counsel representing Defendant in parental termination hearings in state court, who attended the hearings in this federal matter to advise the Court on the procedures applicable to that case and its current posture.

U.S.C. Section 3553(a) to the extent they are applicable.  18 U.S.C.

§ 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

The defendant bears the burden of proving that "extraordinary and compelling

reasons" exist to justify release under the statute.  *See United States v. Rodriguez*,

896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government concedes that Defendant has properly exhausted the

administrative remedies.  (*See* ECF No. 43 at Pg ID 516.)  The Government

disputes, however, whether extraordinary and compelling circumstances warrant

Defendant's release.  The Government also argues that neither the Sentencing

Commission's statements nor the § 3553(a) factors support a reduction in

Defendant's sentence.

## Analysis

Defendant cites several factors as constituting extraordinary and compelling

circumstances warranting his early release: (1) the incapacity of his youngest

child's mother due to her drug use, resulting in the child, Sariyah, being placed in

foster care and proceedings being initiated to terminate the parental rights of the

mother and Defendant; (2) the death of the mother of Defendant's oldest child,

Taylor, resulting in Taylor being placed in the care of her great-grandmother; and

(3) Defendant's alleged asthma, high blood pressure, and borderline obesity.

Beginning with Defendant's medical conditions, he claims that his asthma, borderline obesity, and documented history of high blood pressure place him at increased risk of a serious outcome if he contracts COVID-19.  Defendant, however, has not needed medication for the asthma he was diagnosed with as a child since the age of 13.  (ECF No. 41 at Pg ID at 440.)  While he experienced shortness of breath, chest tightness, and wheezing in April, after the pandemic began, there is no other record of asthma problems in the medical records submitted.  (*See* ECF No. 41.)  The record does not reflect continuing asthma problems.  (*See* ECF Nos. 41, 45.)  The Court certainly cannot conclude from the record that Defendant currently suffers from moderate or severe asthma.  Nor can the Court conclude that he suffers from hypertension as, even Defendant acknowledges, he has not officially been diagnosed with this condition.  (ECF No. 38 at Pg ID 147.)

With respect to Defendant's borderline obesity, the CDC recognizes that individuals with a body mass index (BMI) of 30 kg/m2 or greater "are at increased" risk of a severe outcome from COVID-19, and that individuals with a BMI between 25 and 30 "might" be at increased risk of severe illness."  *See* *https://www.cdc.gov* (emphasis removed).  BOP medical records reflect that, in October 2019, Defendant had a BMI of 27.7.  (ECF No. 41 at Pg ID 473.) Defendant claims he has gained more than ten pounds since that time.  As

6

summarized in *United States v. Green*, No. 17-20822, 2020 WL 6144556 (E.D.

Mich. Octo. 20, 2020), the courts are divided on whether borderline obesity

presents extraordinary and compelling circumstances. *Id*. at *5-6 (summarizing

cases). However, in those cases where the courts have held that borderline obesity

weighs in favor of compassionate release, the defendants suffered from other

underlying medical conditions. *See id*. at *5. The Court finds these cases

instructive.

As discussed above, the record does not support a finding that Defendant

suffers from other underlying medical conditions. Notably, Defendant is only

thirty-four years old. This Court is reluctant to find extraordinary and compelling

circumstances warranting the release of inmates where the CDC's guidelines

reflect only a possible heightened risk of severe illness from COVID-19,

particularly where the condition at issue is one experienced by almost three

quarters of the United States population over age twenty. *See*

https://www.cdc.gov/nchs/fastats/obesity-overweight.htm (indicating that 71.6% of

adults aged 20 and over in the United States are overweight).

Nevertheless, in its policy statements, the Sentencing Commission does

identify "[t]he death or incapacitation of the caregiver of the defendant's minor

child or minor children[]" as an extraordinary and compelling reason to reduce a

defendant's sentence. U.S.S.G. § 1B1.13 cmt. 1(C). While the Sixth Circuit found

7

"§ 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release[]" in *Jones*, the court held that, "[u]ntil the Sentencing Commission updates § 1B1.13 … district courts have full discretion to determine whether an 'extraordinary and compelling' reason" supports release under § 3582(c)(1)(A).  980 F.3d at 1109.  At least two district courts have found compelling and extraordinary reasons for release in circumstances similar to those here.  *See United States v. Turner*, No. 18-cr-142, 2020 U.S. Dist. LEXIS 175572, at *10 (E.D. Wis. Sept. 24, 2020); *United States v. Fortson*, No. 1:18-cf-00063, 2020 U.S. Dist. LEXIS 122035, at *3 (S.D. Ind. July 13, 2020).

In *Turner*, the court released the defendant where the mother of his daughter had been murdered, despite the fact that the child had been placed in another family member's care.  2020 U.S. Dist. LEXIS 175572, at *10.  Prior to his incarceration, the defendant owed "significant support arrears" but had been "an involved and engaged parent to his daughter."  *Id.* at *3, 10.  The child had been placed in the care of her maternal grandmother after the mother's death; however, the grandmother needed the defendant's financial and logistical help to care for her.  *Id.* at *11.  The district court concluded that compelling and extraordinary circumstances existed, despite the fact that the child was in her grandmother's care, reasoning that neither the guideline nor statute requires a defendant to show that he or she is the only available care-giver for a child following the death or

8

incapacitation of the other parent.  *Id*.  The district court explained that such a

requirement would make no sense as the State would always provide foster care for

a child if no family member was available.  *Id.*; *but cf. United States v. Shine*, No.

3:14-cr-0451, 2020 WL 3440654, at *3 (N.D. Tex. June 23, 2020) (finding that the

ability of the defendant's family to care for his child cuts against compassionate

release); *United States v. Goldberg*, No. cr 12-180, 2020 WL 1853298, *4 (D.D.C.

Apr. 13, 2020) ("a critical consideration in this guidance is that no person other

than the defendant is available to serve as a caretaker of a minor or incapacitated

immediate family member.").

In *Fortson*, the district court granted the defendant compassionate release

where his minor child became a ward of the state after the child's mother passed

away and family members failed to provide adequate care.  2020 U.S. Dist. LEXIS

122035, at *3.  The record reflected that proceedings would be initiated to

terminate the defendant's parental rights if he remained incarcerated and, therefore,

unable to participate in the services ordered by the family court to be reunited with

his child.  *Id*. at *3-4.  If released, the defendant had a better chance of prevailing

in those proceedings or succeeding in altering the goal to reunification as opposed

to termination of his parental rights.  *Id.* at *4.  The record further reflected that,

although he owed substantial arrearage in child support, the defendant had "a

lifelong paternal relationship with his son."  *Id.* at *8.

The Government nevertheless argues that Taylor's circumstances do not warrant Defendant's release due to the presence of another family member to care for her.  (ECF No. 43 at Pg ID 522-23.)  And while the Government does not contest that the potential termination of Defendant's parental rights as to Sariyah may qualify as an extraordinary and compelling reason justifying his release if the remaining relevant factors favor such a decision, the Government argues that they do not.  (*Id.* at 523.)  Further, the Government maintains that Defendant "cannot demonstrate that he is a suitable caretaker for [Sariyah]", which "cuts against finding this an extraordinary and compelling reason for his release."  (*Id.* (citing *United States v. Paul*, No. 2020 WL 5807343, at *1-2 (S.D. W. Va. Sept. 25, 2020)) ("Although these guidelines [§ 1B.13 cmt. 1] do not expressly require a defendant to demonstrate that he or she is a suitable caretaker, the Court finds that this is implicitly required by the 'extraordinary and compelling' standard.").)  Although acknowledging that Defendant was an active father in his other children's lives prior to his incarceration, the Government points out that he has never met Sariyah—who was born after his initial incarceration in this case—and that he was $15,000 in arrears in child support at the time of sentencing with respect to his other children.  (*Id.* at 524, citing PSR ¶¶ 50.)

At this juncture the Court finds it unnecessary to resolve some of the issues raised in the Government's arguments.  This is because, at the November 30

hearing on Defendant's motion, his lawyer in the parental termination proceedings informed the Court that, at this time, the proceedings are on hold to provide Sariyah's mother the opportunity to complete services and be reunited with her daughter.  This means that Defendant also is currently not at risk of losing his parental rights.  Defendant may therefore have an opportunity to pursue the services he needs to show that he is fit to take custody of his child.  Under the current circumstances with respect to this child, the Court does not find extraordinary and compelling reasons to release Defendant.

The Court also does not find extraordinary and compelling reasons based on Taylor's circumstances at this time.  Taylor's great-grandmother, who Defendant estimates to be in her 60's, is caring for Taylor and there is no indication that she is incapable of doing so.  The matter is therefore distinguishable from *Turner*.  And this Court does not agree with the District Court for the Eastern District of Wisconsin that it should not consider the availability of a suitable alternative *family member* to care for a defendant's minor child when deciding whether extraordinary and compelling circumstances exist to release the defendant. Otherwise, courts would have to consider releasing every incarcerated single parent.

Because, at this time, the Court is not convinced that extraordinary and compelling reasons exist to grant Defendant's request for compassionate release

11

pursuant to § 3582(c)(1)(A), it finds it unnecessary to analyze steps two and three of the statute's test.  *See Jones*, 908 F.3d at 1116-17 (Cook, J., concurring) (quoting *BellSouth Telecomms., Inc. v. Farris*, 542 F.3d 499, 505 (6th Cir. 2008)) (additional citation omitted) ("If it is not necessary to decide more, it is necessary not to decide more.").  Moreover, the Court is denying Defendant's request for compassionate release without prejudice.  Defendant may file a new motion if circumstances change.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Production of Free Transcript (ECF No. 32) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582 is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 29, 2020