UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Criminal Case No. 16-cr-20601
Honorable Linda V. Parker

DAVID LERON PEARSON JR,

Defendant.
_________________________________/

**OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 54)**

On October 19, 2016, Defendant David Leron Pearson Jr. pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a). (Plea Agreement, ECF No. 20 at Pg ID 53.) On March 29, 2017, this Court sentenced Defendant to a term of imprisonment of 108 months. (ECF No. 29 at Pg ID 103.) On October 12, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c) (ECF No. 38), which the Court subsequently denied without prejudice on December 29, 2020 (ECF No. 52). The matter is presently before the Court on Defendant's second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c). (ECF No. 54.) The Government has filed a response to the motion. (ECF No. 61.) For the reasons below, the Court is granting Defendant's motion.

**BACKGROUND**

Defendant based his first motion for compassionate release on:

1. Alleged health issues;
2. The incapacity of the mother of his youngest child, Sariyah, due to the mother's drug use, resulting in the child being placed in foster care and proceedings being initiated to terminate the parental rights of both the mother and Defendant; and
3. The death of the mother of Defendant's oldest child, Taylor, resulting in the child being placed in the care of her great-grandmother.

(ECF No. 52 at Pg ID 648.)

This Court denied without prejudice that motion citing the lack of support in the record that Defendant suffers from extreme underlying medical conditions, the lack of imminency in the parental rights proceedings regarding Sariyah, and the lack of evidence supporting the notion that Taylor's great-grandmother was incapable of caring for her. (*See generally* ECF No. 52.)

In Defendant's pending motion, he cites as justification for his release a material change in circumstances surrounding his parental rights to Sariyah. (ECF No. 54 at Pg ID 663.) Defendant asserts that the State began the process of terminating his parental rights to Sariyah who is currently in foster care, and that the urgency of this matter meets the extraordinary and compelling threshold necessary to warrant compassionate release. (*Id*. at Pg ID 664.) Moreover,

Defendant maintains that an evaluation of the § 3553(a) factors warrant his release.[1] (*Id.* at Pg ID 669.)

## APPLICABLE LAW

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

---

[1] Defendant also cites as justification for release his time credits earned while incarcerated. (ECF No. 54 at Pg Id 665.) The Court finds it unnecessary to evaluate this assertion as it concludes that the potential termination of Defendant's parental rights satisfies the extraordinary and compelling threshold required for release.

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies. (*See generally* ECF No. 61.) Instead, the Government disputes that Defendant's circumstances are extraordinary and compelling and maintains, regardless, that the factors in § 3553(a) weigh against reducing Defendant's sentence. (ECF No. 61 at Pg ID 753, 757.)

**ANALYSIS**

**Extraordinary and Compelling Circumstances**

In its policy statements, the Sentencing Commission identifies "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" as an extraordinary and compelling reason to reduce a defendant's sentence. U.S.S.G. § 1B1.13cmt. 1(C).

Nevertheless, the Government maintains that because Defendant has never met the child in question, nor had significant custody of any of his seven children, and is more than $15,000 in arrears in child support, the termination of his parental rights is not proper justification for compassionate release. (ECF No. 61 at Pg ID 756.) Moreover, on August 30, 2022, the Government filed a supplemental brief asserting that the need for compassionate release may be obviated by the fact that Defendant is eligible for entry into a Residential Re-Entry Center ("RRC") in October 2022. (ECF No. 64 at Pg ID 767.) The Government alleges that "*it is likely* that [Defendant] will be able to attend and participate in the hearings related

to the termination of his parental rights from the RRC," thus removing the need for compassionate release on this basis. (*Id.* (emphasis added).)

Courts are divided as to whether the termination of a defendant's parental rights constitutes an extraordinary and compelling circumstance. Some courts have held that an extraordinary and compelling circumstance can be found when parental rights are to be terminated. See *United States v. Fields*, 569 F. Supp. 3d 231 (E.D. Pa. Nov. 3, 2021) (notably stating that the suitability of Defendant as a caretaker was to be left to the juvenile authorities and bore no weight on their determination of whether a compelling and extraordinary circumstance existed); *United States v. Fortson*, No. 1:18-cr-00063, 2020 U.S. Dist. LEXIS 122035 (S.D. Ind. July 13, 2020) (holding that the termination of the defendant's parental rights leading to the child becoming a ward of the state constituted an extraordinary and compelling circumstance); *see also United States v. Turner*, No. 18-CR-142, 2020 U.S. Dist. LEXIS 175572 (E.D. Wis. Sep. 24, 2020) (holding that even though the defendant's child was in the care of the maternal grandmother, the need for the defendant's financial and logistical help constituted extraordinary and compelling circumstance). Other Courts hold otherwise. See *United States v. Cox*, No. 6:18-CR-00615, 2021 WL 4352798 (D. Or. Sept. 24, 2021) (holding that the defendant's parental rights being terminated was not an extraordinary circumstance because the child was in a stable living situation, something the court deemed to be

material in their evaluation); *United States v. Paul*, No. 3:18-CR-00227, 2020 WL 5807343 (S.D. W. Va. Sept. 25, 2020) (holding that even though the sentencing commission guidelines do not explicitly require a defendant to demonstrate that he or she is a suitable caretaker, it is implicitly required by the "extraordinary and compelling" standard. The defendant was unable to show that he was a suitable caretaker, and thus did not meet the requisite threshold for compassionate release on this basis).

For a few reasons, the Court ultimately finds that the necessary extraordinary and compelling threshold is satisfied in the present case. First, Defendant's circumstances are in line with the Sentencing Commission Policy Statements that extraordinary and compelling circumstances may be found with "the death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13cmt. 1(C). To elaborate, Sariyah's mother has become incapacitated due to her drug use. (ECF No. 54 at Pg ID 665.) As a result, the State is moving forward with termination of parental rights proceedings against both Defendant and the mother. *Id*.

Second, it has become clear to the Court in conversation with counsel for the Government and Defendant that the exact date of Defendant's release to an RRC remains uncertain and the parental termination proceedings are imminent. Moreover, even once Defendant is released to an RRC, the Court is not convinced

of his ability to participate meaningfully in the parental rights proceedings from that location.

Lastly, other district courts with similar fact scenarios have granted relief on this basis. *See United States v. Fortson*, No. 1:18-cr-00063, 2020 U.S. Dist. LEXIS 122035 (S.D. Ind. July 13, 2020); *United States v. Fields*, 569 F. Supp. 3d 231 (E.D. Pa. Nov. 3, 2021); *United States v. Turner*, No. 18-CR-142, 2020 U.S. Dist. LEXIS 175572 (E.D. Wis. Sep. 24, 2020). Furthermore, the Court agrees with the holding in *Fields* that the suitability of the defendant as a parent is immaterial to this evaluation and instead should be determined by the State in the parental rights proceedings. As such, the Court finds that the extraordinary and compelling threshold has been met.

**Section 3553(a) Factors Evaluation**

The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing the defendant with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

The Government maintains that these factors weigh against reducing Defendant's sentence. (ECF No. 61 at Pg Id 757.) The Government cites to "the

serious nature of this offense" in addition to Defendant's "lengthy criminal record" in support of this assertion. (*Id*. at 757, 758.) To elaborate, in 2006, Defendant was convicted of accessory after the fact to open homicide, accessory after the fact to assault with intent to commit murder, possession of a firearm, and carrying a weapon with unlawful intent. (PSR ¶ 33.) In 2011, while on parole for those offenses, Defendant was also convicted of two separate charges for drug distribution of less than 50 grams. (ECF No. 61 at Pg ID 758.) Before these convictions, Defendant had a series of driving-without-a-license convictions, and one conviction for possession of less than 25 grams of a controlled substance. (ECF No. 1 at Pg ID 4.)

Defendant maintains that an evaluation of the factors weighs in favor of his release. (ECF No. 54 at Pg ID 669.) In support, Defendant cites to the fact that he has completed 36 months of "evidence-based recidivism programming" as he has been employed in the Federal Prisons Industries at UNICOR since April 8, 2018. (ECF No. 54 at Pg ID 666.) Moreover, Defendant has avoided any major disciplinary infractions while incarcerated, receiving only one infraction in 2019 for being in possession of a cell phone. (ECF No. 38 at Pg ID 153.) Defendant additionally cites that he has the support of his family and friends upon his release (ECF No. 54 at Pg ID 688-691) and is committed to paying back the child support he owes (ECF No. 54 at Pg ID 670).

This Court previously found that the § 3353 factors favored a defendant's release in circumstances similar to those presented here: *United States v. Howell*. No. 16-20101-1, 2021 WL 457550 (E.D. Mich. Feb. 9, 2021). Like Defendant, Howell was convicted of one count of possession with intent to distribute heroin. *Id.* In both cases, the defendants' past convictions were mostly for non-violent drug offenses, apart from one violent firearm related crime over fifteen years before compassionate release was sought. *Id*. at 2. Moreover, the time both defendants spent in prison leading up to their motions was their longest period of continuous incarceration, during which neither received more than one misconduct ticket, and both actively engaged in educational courses throughout. *Id.* Importantly, Howell had served only a little more than half of his sentence when he sought compassionate release, whereas Defendant has served over 90 percent of his sentence. *Id.*; (ECF No. 63 at Pg ID 764.) Keeping in line with this Court's previous ruling, the Court concludes that an evaluation of the § 3553(a) factors weigh in favor of Defendant's release.

Indeed, Defendant does have a criminal history. However, the Court finds that the benefit of keeping Defendant incarcerated is outweighed by the risk of Defendant potentially losing his parental rights to Sariyah. Moreover, the sentence Defendant has served, combined with the period of supervised release that will follow, appropriately "reflect[s] the seriousness of the offense," "promote[s]

respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Compassionate Release. (ECF No. 54.) The Court reduces Defendant's sentence to time served as of the date of this decision. The period of supervised release remains three years. Upon his release from custody, Defendant will be subject to the same conditions of release imposed in his original sentence.

Defendant shall notify the Probation Department for the Eastern District of Michigan within 24 hours of his release and is directed to follow the instructions of the assigned probation officer.

Upon entry of this Order, defense counsel shall immediately contact the Probation Department to coordinate and facilitate enforcement of Defendant's release conditions.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 14, 2022